IN THE UNITED STATES COURT OF FEDERAL CLAIMS

NOT FOR PUBLICATION

|  |  |  |
|---|---|---|
| PETER J. CZECH, | ) ) ) | |
| Plaintiff, | ) ) | No. 25-140 |
| v. | ) ) | Filed: November 13, 2025 |
| THE UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Peter J. Czech, proceeding pro se, seeks to recover $300,000 that the Central Intelligence Agency ("CIA") allegedly promised to remit to Plaintiff during a remote enhanced interrogation. On January 24, 2025, Plaintiff filed an application to proceed *in forma pauperis* ("IFP"), which the Court denied as incomplete on February 3, 2025. The Court ordered Plaintiff to either pay the filing fee or submit a revised IFP application by February 24, 2025. Plaintiff failed to comply with this order. Thus, on March 24, 2025, the Court dismissed Plaintiff's Complaint for failure to prosecute under Rule 41(b) of the Rules of the United States Court of Federal Claims ("RCFC"). On October 20, 2025, the Court received Plaintiff's "Motion to Reargue" along with several attachments. For the reasons explained below, Plaintiff's filing shall be **FILED BY LEAVE OF THE COURT** as a Motion for Relief from Judgment and such motion is **DENIED**.

I.     BACKGROUND

On January 23, 2025, Plaintiff filed his Complaint alleging that "[o]n or about November 18, 2024, [the CIA] conducted a remote enhanced interrogation of [Plaintiff]." Pl.'s Compl. at 2,

ECF No. 1.  Plaintiff alleges, presumably in connection with such interrogation, that "[t]he CIA promised to reclaim $300,000 from [Plaintiff's] former employer" and "pay the same sum to [Plaintiff] regardless of whether it could recover on behalf of [the Government]." *Id.*

The next day, Plaintiff filed an IFP application.  *See* ECF No. 2.  On February 3, 2025, the Court denied Plaintiff's IFP application as incomplete because he left several questions blank or only partially complete.  Order at 1, ECF No. 6.  The Court ordered "Plaintiff to either file a completed IFP application or pay the Court's $405 filing fee **by no later than February 24, 2025**." *Id.* (emphasis in original).  The Court indicated that if Plaintiff did not comply, "the Court [would] dismiss his case for failure to prosecute under Rule 41(b)." *Id.*  Plaintiff failed to pay the filing fee or submit a revised IFP application by the deadline.  Thus, on March 24, 2025, the Court dismissed Plaintiff's Complaint without prejudice for failure to prosecute under RCFC 41(b).  Order at 1–2, ECF No. 7.  The Clerk of Court entered judgment the following day.  ECF No. 8.

On October 20, 2025, the Clerk's Office informed the Court that Plaintiff had filed a deficient document titled "Motion to Reargue."  *See* Mot. to Reargue ("MTR").  To the motion, Plaintiff attached two documents bearing the caption *Czech v. State of Kansas*.  Letter to Ct. ("LTC"); Letter to Ct. 2 ("LTC2").  Liberally construed, the filing appears to argue that Plaintiff's ability to respond to the Court's order to either pay the filing fee or submit a revised IFP application was hindered by his intermittent hospitalization throughout February, March, and April of 2025.  MTR ¶¶ 1–2.  Plaintiff further asserts that he was then arrested in April of 2025 and incarcerated through July of 2025.  *Id.* ¶¶ 3, 20.  Plaintiff goes on to raise a variety of challenges to his arrest and criminal charges.  *Id.* ¶¶ 3–16, 39–49; *see generally* LTC; LTC2.  Plaintiff also provides certain additional information regarding his financial status, including that he has "$0.00 income," that his "sister and mother occasionally provide for" him, and that "SNAP is the only thing [he]

2

can depend on."[1]  MTR ¶¶ 19, 22–24.  Finally, Plaintiff's motion contains additional allegations relevant to the assertion that he entered in to a contract with the CIA, as originally pled in his Complaint.  *Id.* ¶¶ 25–37.  Plaintiff indicates that such a contract was formed after he "consented to a remote radio wave enhanced interrogation through synthetic telepathy," *id.* ¶ 28, and that his "consideration was the time spent during the interview combined with a waiver of the right against self-incrimination and the right to an attorney present during questioning," *id.* ¶ 32.  The Court construes Plaintiff's filing as requesting relief from the Court's judgment under RCFC 60(b).

## II.  LEGAL STANDARDS

### A.  Standard of Review for Rule 60(b) Motion for Relief

RCFC 60(b) provides that a court has discretion to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect; . . . or [] any other reason that justifies relief."  It requires that motions for relief "be made within a reasonable time," and if relief is sought due to mistake, inadvertence, surprise, or excusable neglect, "no more than a year after the entry of the judgment or order."  RCFC 60(c)(1).  The Supreme Court has instructed that Rule 60(b) "should only be applied in 'extraordinary circumstances.'"  *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988) (quoting *Ackermann v. United States*, 340 U.S. 193, 195 (1950)).[2]  A court's decision on a motion for relief from judgment is discretionary.  *Sioux Tribe of Indians v. United States*, 862 F.2d 275, 279 (Fed. Cir. 1988).  To obtain relief, the movant "must provide a sufficient 'reason to believe that vacating

---

[1] The Court assumes that "SNAP" refers to the Supplemental Nutrition Assistance Program, administered by the U.S. Department of Agriculture.  *See generally* 7 U.S.C. § 2013.

[2] While *Liljeberg* interpreted Rule 60 of the Federal Rules of Civil Procedure ("FRCP"), "[t]he same standard that applies to Rule 60 of the [FRCP] applies to Rule 60 of the [RCFC]."  *Dobyns v. United States*, 915 F.3d 733, 737 n.1 (Fed. Cir. 2019) (citing *Info. Sys. & Networks Corp. v. United States*, 994 F.2d 792, 794–97 & n.3 (Fed. Cir. 1993)).

the judgment will not be an empty exercise or a futile gesture.'" *Dobyns*, 915 F.3d at 738 (quoting *Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995)). In ruling on a motion for relief from judgment, a court must strike "a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done." *Hutchins v. Zoll Med. Corp.*, 492 F.3d 1377, 1386 (Fed. Cir. 2007) (quoting 11 *Wright & Miller's Federal Practice and Procedure* § 2851 (2d ed.1995)).

**B.       Jurisdiction of the Court of Federal Claims**

"The Court of Federal Claims is a court of limited jurisdiction." *Marcum LLP v. United States*, 753 F.3d 1380, 1382 (Fed. Cir. 2014). The Tucker Act vests this Court with jurisdiction over any suit against the United States for money damages "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). "The Tucker Act, however, does not create substantive rights." *Me. Cmty. Health Options v. United States*, 590 U.S. 296, 322 (2020) (citation modified).

The plaintiff bears the burden to establish jurisdiction by a preponderance of the evidence. *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). Although the Court construes the allegations of pro se complainants liberally, *see Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980), "the leniency afforded to *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements[.]" *Curry v. United States*, 787 F. App'x 720, 722 (Fed. Cir. 2019) (citing *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)). Where a complaint raises a breach of contract claim, the plaintiff must plead "a non-frivolous allegation of a contract with the government" to invoke the Court's jurisdiction. *Engage Learning, Inc. v. Salazar*, 660 F.3d 1346, 1353 (Fed. Cir. 2011) (emphasis omitted); *see Perry v. United States*, 149 Fed. Cl. 1, 12 (2020), *aff'd*, No. 2020-2084, 2021 WL 2935075 (Fed. Cir. July 13, 2021); Mem.

4

Op. & Order at 3, *Greene v. United States*, No. 23-14 (Fed. Cl. Feb. 17, 2023), *aff'd*, No. 2023-1551, 2023 WL 5274630 (Fed. Cir. Aug. 16, 2023). "[V]ague, conclusory, or unsupported assertions" of a contract are insufficient to meet this burden. *Martin v. United States*, No. 2022-1810, 2023 WL 1878576, at *2 (Fed. Cir. Feb. 10, 2023).

### III.   DISCUSSION

#### A.   Plaintiff's "Motion to Reargue" is Accepted as a RCFC 60(b) Motion for Relief.

The Court liberally construes Plaintiff's "Motion to Reargue" as a Motion for Relief from Judgment under RCFC 60(b).[3] In his filing, Plaintiff asserts that "[i]n February and March 2025, [he] was hospitalized at Nassau University Medical Center and Stony Brook Eastern Long Island Hospital, respectively." MTR ¶ 1. Further, Plaintiff states that "[i]n early April, 2025, [he] was hospitalized in South Oaks Hospital." *Id.* ¶ 2. Finally, Plaintiff notes that on April 20, 2025, he was arrested by the State of Kansas and incarcerated until mid- to late-July. *Id.* ¶¶ 3, 20. Plaintiff challenges the bases for his arrest and pending state criminal charges. *See id.* ¶ 20.

Liberally construing Plaintiff's motion, it appears to offer potential explanations for his failure to timely respond to the Court's February 3, 2025 order denying his IFP application and requiring payment of the filing fee or submission of a completed IFP application. *Id.* ¶¶ 1–3, 20–21. Under the framework of Rule 60(b), the Court construes this as an argument seeking relief from judgment on the basis of excusable neglect. Thus, the filing shall be accepted by leave of the Court as a Motion for Relief from Judgment. *See Williams v. United States*, No. 24-996C, 2024 WL 5103186, at *1 (Fed. Cl. Dec. 13, 2024); RCFC 60(b).

---

[3] The Court alternatively considered whether Plaintiff's filing could be construed as a Motion for Reconsideration under RCFC 59 but determined that such a motion would be untimely. A Rule 59 motion must be filed within 28 days after the entry of judgment. RCFC 59(b)(1). Plaintiff's filing was not received until approximately seven months after judgment was entered.

The Court may consider Plaintiff's RCFC 60(b) motion because such motion is timely under RCFC 60(c)(1). A motion for relief under RCFC 60(b)(1) must be filed "within a reasonable time" and, in any event, no more than one year after judgment. RCFC 60(c)(1). "'What constitutes a reasonable time depends on the facts of each case,' and should take into consideration the reasons for the delay." *Nguyen v. Lamarque*, 203 F. App'x 762, 763 (9th Cir. 2006) (quoting *In re Pacific Far East Lines, Inc.*, 889 F.2d 242, 249 (9th Cir. 1989)). Here, Plaintiff's motion was filed approximately seven months, and therefore less than a year, after judgment was entered. *See* J., ECF No. 8; MTR. While a delay of seven months might otherwise be considered unreasonable, *see, e.g.*, *Hill v. United States*, 146 Fed. Cl. 523, 524 (2018), Plaintiff explained in his motion that he was unable to respond to the Court's order due, at least in part, to his intermittent hospitalization and subsequent incarceration. MTR ¶¶ 1–3, 10, 20–21. The Court thus finds Plaintiff's motion was submitted within a reasonable time considering Plaintiff's circumstances.

### B. Plaintiff's Motion for Relief is Denied.

Construed as a Motion for Relief from Judgment, Plaintiff's motion must be denied because Plaintiff has not cured his non-compliance with this Court's order and relief would be futile as Plaintiff fails to raise a non-frivolous allegation within this Court's jurisdiction.

    1.    <u>Plaintiff Has Not Cured his Non-Compliance with the Court's Order.</u>

Plaintiff's motion must be denied because he has not corrected his failure to comply with the Court's February 3, 2025 order to pay the filing fee or file a completed IFP application. *See Williams*, 2024 WL 5103186, at *1 (denying motion for relief from judgment where the plaintiff's "case would still have to be dismissed for failure to comply with the filing fee order" because "he has not paid the fee or shown that he is entitled to proceed *in forma pauperis*"). In its February 3, 2025 order, the Court directed Plaintiff to either pay the filing fee or submit a completed IFP

application by February 24, 2025.  ECF No. 6 at 2.  As of the date of this Order, Plaintiff has done neither.

To the extent Plaintiff's motion could be construed as providing this Court with additional information regarding Plaintiff's financial resources, the information provided is insufficient to comply with the Court's directive to submit a completed IFP application.  The Court denied Plaintiff's initial IFP application due to three inadequacies identified in the Court's order: (1) "for question 2, Plaintiff indicated that he is not employed, but he did not answer part (b), which specified that if he is not employed he should "state the date of last employment and the amount of [his] salary or wages per month (both gross and net)"; (2) "[f]or question 3, Plaintiff indicated that he had not received any money from the listed sources, but he failed to explain how he has otherwise been paying his expenses"; and (3) "Plaintiff also failed to provide any answer to question 8," which asks about Plaintiff's other debts or financial obligations.  ECF No. 6 at 1 (quoting ECF No. 2 at 2).  While Plaintiff's motion for relief indicates that Plaintiff has no income, MTR ¶¶ 19, 22, and relies on assistance from family as well as public benefits to provide for himself, *id.* ¶¶ 23–24, Plaintiff's motion fails to indicate Plaintiff's last date of employment or whether Plaintiff has any other debts or financial obligations.  As a result, Plaintiff has not cured his non-compliance with this Court's order.  His motion must be denied on that basis alone.  *See Williams*, 2024 WL 5103186, at *1.

2.Relief Would be Futile as the Court Lacks Jurisdiction Over Plaintiff's Claim.

Plaintiff's motion must also be denied for the independent reason that this Court lacks jurisdiction over Plaintiff's Complaint.  Because "[a] Rule 60 movant must provide a sufficient reason to believe that vacating the judgment will not be an empty exercise or a futile gesture," *Dobyns*, 915 F.3d at 738, a court must decline to grant relief from judgment where "the substantive allegations in [the plaintiff's] complaint . . . are outside this Court's jurisdiction." *Williams*, 2024

7

WL 5103186, at *2.  If the plaintiff "does not state a meritorious cause of action, court action is futile."  *Orient Overseas Container Line (UK) Ltd. v. United States*, 52 Fed. Cl. 805, 810 (2002).

Plaintiff's Complaint does not assert a non-frivolous basis for this Court's jurisdiction. Plaintiff's sole allegation is that the CIA promised him $300,000 that it has not yet paid.  *See* ECF No. 1 at 2.  While this Court generally has jurisdiction to entertain claims arising under contracts with the United States, *see* 28 U.S.C. § 1491(a)(1), Plaintiff's conclusory allegation of a contract with the Government is frivolous.  Plaintiff provides no plausible factual support for his assertion that, in the course of "conduct[ing] a remote enhanced interrogation of [Plaintiff] . . . [t]he CIA promised to reclaim $300,000 from [Plaintiff's] former employer . . . [and] pay the same sum to [Plaintiff] regardless of whether it could recover on behalf of the United States of America."  ECF No. 1 at 2.  Further, the additional information Plaintiff includes in his motion regarding this allegation of a contract only emphasizes its frivolity.  In his motion, Plaintiff alleges that the "remote radio wave enhanced interrogation," MTR ¶ 28, which supposedly was the setting for the formation of this alleged contract, was conducted through "synthetic telepathy" "created by the US Army" to support "device-less remote communications," *id.* ¶ 34.  Based on this scenario, Plaintiff alleges that "[t]here was a meeting of the minds, [and his] consideration was the time spent during the interview combined with a waiver of the right against self-incrimination and the right to an attorney present during questioning."  *Id.* ¶ 31.

Plaintiff's allegations are prototypically "vague, conclusory, [and] unsupported assertions," which are therefore insufficient to establish jurisdiction.  *Martin*, 2023 WL 1878576, at *2.  Indeed, this Court strains to imagine a hypothetical scenario where "a remote enhanced interrogation" (a) actually occurred and, assuming it did, (b) could plausibly result in a contractual relationship between the interrogee and the United States, let alone a contractual relationship

8

obligating the Government to recover a sum of money from the interrogee's former employer, and to pay such sum to the interrogee regardless of whether the Government could so recover. Thus, Plaintiff has failed to plead "a non-frivolous allegation of a contract with the government." *Engage Learning*, 660 F.3d at 1353. Accordingly, this Court lacks jurisdiction over Plaintiff's underlying Complaint and any relief under RCFC 60(b) would be "a futile gesture." *Dobyns*, 915 F.3d at 738.

Finally, to the extent that Plaintiff's motion could be construed as raising additional challenges to his pending criminal case in the State of Kansas, *e.g.*, MTR ¶¶ 3–9, 11–16, 20, 38–51 (asserting Plaintiff's arrest constituted "kidnapping"), those allegations were not raised in Plaintiff's Complaint, *see* ECF No. 1, and even if they had been, this Court has no jurisdiction to review state criminal proceedings. *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's filing shall be **FILED BY LEAVE OF THE COURT** as a Motion for Relief from Judgment. Plaintiff's motion is hereby **DENIED**.

**SO ORDERED**.

Dated: November 13, 2025 */s/ Kathryn C. Davis*
KATHRYN C. DAVIS
Judge